**QUILL & ARROW, LLP**
Kevin Y. Jacobson (SBN 320532)
kjacobson@quillarrowlaw.com
10900 Wilshire Boulevard, Suite 300
Los Angeles, CA 90024
Telephone:  (310) 933-4271
Facsimile:   (310) 889-0645
E-mail:        e-service@quillarrowlaw.com

Attorneys for Plaintiff,
**WALA ALI KHALAF**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALA ALI KHALAF, an individual,<br><br>              Plaintiff,<br>vs.<br><br>MERCEDES-BENZ USA, LLC, a<br>Delaware Limited Liability<br>Company,<br><br>              Defendants. | Case No.: 2:22−cv−01706−RGK−MAA<br><br>**FIRST AMENDED COMPLAINT**<br><br>1. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF EXPRESS WARRANTY**<br>2. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF IMPLIED WARRANTY** |

Plaintiff, WALA ALI KHALAF, alleges as follows against Defendant, MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company ("MERCEDES-BENZ USA, LLC" or "Defendant"), and DOES 1 through 10 inclusive, on information and belief, formed after a reasonable inquiry under the circumstances:

## **FACTUAL BACKGROUND**

1.      These causes of action arise out of the warranty obligations of MERCEDES-BENZ USA, LLC in connection with a vehicle purchased by Plaintiff and for which MERCEDES-BENZ USA, LLC issued a written warranty.

2.      On March 27, 2021, Plaintiff leased a certified pre-owned 2021 Mercedes-Benz GLB250W, having VIN No.: W1N4M4GB3MW086856 ("Subject Vehicle") from MERCEDES-BENZ USA, LLC's authorized dealership, Calstar Motors Inc. in 700 S. Brand Blvd., Glendale, CA 91204. The Total Sale Price for the Subject Vehicle is $40,823.84. These causes of action arise out of warranty and repair obligations of MERCEDES-BENZ USA, LLC in connection with a vehicle Plaintiff purchased and for which MERCEDES-BENZ USA, LLC issued a written warranty. The warranty was not issued by the selling dealership.

3.      The Subject Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, the engine and transmission defects.

4.      Plaintiff hereby revokes acceptance of the sales contract.

5.      Pursuant to the Song-Beverly Consumer Warranty Act (herein after the "Act") Civil Code sections 1790 et seq. the Subject Vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiff has used the vehicle primarily for those purposes.

6.      Plaintiff is a "buyer" of consumer goods under the Act.

**FIRST AMENDED COMPLAINT**

7.     Defendant MERCEDES-BENZ USA, LLC is a "manufacturer" and/or "distributor" under the Act.

8.     Plaintiff hereby demands trial by jury in this action.

## **Plaintiff's Repair History of the Subject Vehicle**

9.     On or about August 18, 2021, with less than five (5) months of ownership of the Subject Vehicle and approximately 2,125 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility, Mercedes-Benz of Beverly Hills, with issues relating to the Subject Vehicle's engine. Plaintiff stated that the Check Engine Light was illuminated on the instrument cluster. Plaintiff stated that while driving on the highway, the engine stalls. Furthermore, when stepping on the gas, especially at a high rate of speed, the engine grows louder, but the Subject Vehicle does not move. Defendant's technician verified Plaintiff's concerns and found fault code P219C77, indicating an irregularity in the main cylinder ("Cylinder #1"). Defendant's technician performed a leak down test and found Cylinder #1 leaking at 85%, Cylinder #2 13%, Cylinder #3 13%, and Cylinder #4 12%. Defendant's technician replaced the cylinder head, cylinder head gasket, and coolant. Defendant's technician performed a quick test and claimed that the Check Engine Light was no longer illuminated at this time. The Subject Vehicle was out of service for approximately twenty (20) days during this repair attempt.

10.     On or about September 27, 2021, with less than five (5) months of ownership of the Subject Vehicle and approximately 21,764 miles on the odometer, Plaintiff had the Subject Vehicle towed to Defendant's authorized repair facility, Mercedes-Benz of Beverly Hills, with issues, ***once again***, relating to Subject Vehicle's engine (emphasis added). Plaintiff stated that a potent, gas-like odor was coming from the Subject Vehicle. Furthermore, Plaintiff stated that the Subject Vehicle would not start at all. Defendant's technician verified Plaintiff's concerns and found fault codes to be related to fuel leakage. Defendant's technician found an excessive amount of fuel puddling on the valve cover and the main injector to be

leaking at the fuel rail. Defendant's technician removed the harness at the top of the engine and replaced the injector in attempts to address Plaintiff's concerns. Defendant's technician performed an injector quantity adjustment and claimed that there was no longer a fuel leakage. The Subject Vehicle was out of service for approximately eleven (11) days during this repair attempt.

11.     On or about February 3, 2022, with approximately 32,920 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility, Mercedes-Benz of Beverly Hills, with issues, ***once again***, relating to the Subject Vehicle's engine (emphasis added). Plaintiff stated that the Check Engine Light illuminates at random. Additionally, Plaintiff stated that upon acceleration to a speed of approximately seventy-five miles per hour, the Subject Vehicle loses power, to the point where Plaintiff has to pull over to the side of the road. The Subject Vehicle also loses power when going uphill or when going over a speed bump. Defendant's technician found fault code P02FF02, indicating a malfunction in the downtime of the drivetrain. Defendant's technician partially removed the control unit and checked all connectors found within the ME control unit. Defendant's technician cleared all fault codes, test drove the Subject Vehicle for five miles, and confirmed that the Subject Vehicle no longer had any drivability issues. Additionally, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility with issues relating to Subject Vehicle's transmission. Plaintiff stated that upon acceleration from a complete stop, the Subject Vehicle swerves from left to right. The Subject Vehicle was out of service for approximately four (4) days during this repair attempt.

12.     None of the aforementioned repair attempts successfully repaired the Subject Vehicle, including the ongoing defects, including the engine and transmission defects.

13.     Thereafter, Plaintiff continued to experience symptoms of the various defects despite Defendant's representation that the Subject Vehicle was repaired.

14.     Given the repeated replacements of the subject components, Plaintiff

1  has reason to believe that issues involving the non-conformities are the result of the
2  defects in materials.

3      15.    Defendant was under an affirmative duty under the Song-Beverly
4  Consumer Warranty Act to promptly offer to repurchase or replace the Subject
5  Vehicle as soon as it failed to conform the Subject Vehicle to the terms of the express
6  warranty after a reasonable number of repair attempts.

7      16.    Defendant and its authorized repair facilities could not repair to conform
8  to the terms of its written warranties within a reasonable number of repair
9  opportunities, yet failed to offer Plaintiff repurchase or replacement.[1]

10                    **JURISDICTION AND VENUE**

11      17.    This Court has jurisdiction over the subject matter and parties pursuant
12  to 28 U.S.C. § 1332 *et seq.,* because amount of recovery sought by Plaintiff exceeds
13  the jurisdictional amount of $75,000.00, and there is complete diversity amongst the
14  parties.

15      18.    The Total Sales Price for the Subject Vehicle, as reflected in the sales
16  contract, is $40,823.84. Pursuant to the Song-Beverly Act, Plaintiff is seeking
17  general, special, and actual damages, as well as civil penalties, up to two times the
18  amount of actual damages. As such, Plaintiff seeks damages in the approximate
19  amount of $122,471.52. Plaintiff also seeks reasonable attorneys' fees under the Act.
20  Accordingly, Plaintiff's claims meet the jurisdictional threshold required under 28
21  U.S.C. § 1332 (a).

22      19.    Complete diversity exists as Plaintiff, WALA ALI KHALAF, is a
23  citizen of the State of California.

24      20.    With respect to Defendant, MERCEDES-BENZ USA, LLC, the
25  citizenship of limited liability company for diversity jurisdiction purposes is

26  [1] "A manufacturer's duty to replace a vehicle does not depend on a consumer's request, but instead
27  arises as soon as the manufacturer fails to comply with the warranty within a reasonable time.
*Krotin v. Porsche Cars North America, Inc.*, 38 Cal.App.4th 294, 301-302 (1995). *Krotin* court
28  noted that "[a]n automobile manufacturer need not read minds to determine which vehicles are
defective; it need only read dealers' services records." *Id.* at 303.

determined by examining the citizenship of each member of the company. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899-900 (9th Cir. 2006); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021-22 (11th Cir. 2004). Moreover, a member of a limited liability company is a person who has been admitted to a limited liability company as a member. Cal. Corp. Code § 17701.02, subd. (p.); 6 Del. Code § 18-101, subd. (13); 6 Del. Code §§ 18-301 et seq.

21. Defendant, MERCEDES-BENZ USA, LLC, is a Delaware Limited Liability Company operating and doing business in the State of California. As reflected within Defendant's Statement of Information filed with the California Secretary of State, none of the individual members listed within are citizens of the state of California. Rather, the Statement of Information expressly indicates a Georgia address for each listed member. Accordingly, the members of MERCEDES-BENZ USA, LLC'S are citizens of the state of Georgia and not California, as reflected within Section D of the Statement of Information, filed by Defendant on September 15, 2020. A true and correct copy of Defendant, Mercedes-Benz USA, LLC's Statement of Information is attached herewith as **Exhibit A**.

22. As such, none of Defendant's members, as a limited liability company, is a citizen of the state of California. Accordingly, there is complete diversity amongst the parties under 28 U.S.C. § 1332. (a)(1), as Plaintiff has now alleged sufficient facts to establish subject matter jurisdiction.[2]

23. Venue is proper in, and Defendants are subject to the personal jurisdiction of, this court because the Subject Vehicle was repaired at Mercedes-Benz of Beverly Hills, a MERCEDES-BENZ USA, LLC authorized dealership and repair

---

[2] The Federal Rules are designed to minimize disputes over pleading technicalities. *See Ashcroft v. Iqbal*, 556 US 662, 678 (2009). A complaint is sufficient if it gives the defendant "fair notice of what the… claim is and the grounds upon which it rests." *Bell Atlantic Corporation et al. v. Twombly*, 550 U.S. 544, at 555 (2007); see *Starr v. Baca*, 652 F3d 1202, 1212 (9th Cir. 2011) (discussing traditional liberal theory of Rule 8(a)). In determining the sufficiency of a pleading, allegations of material fact are taken as true and construed in the light most favorable to the pleader. *See Erickson v. Pardus*, 551 US 89, 94 (2007) (emphasis added); *see also Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001 (9th Cir. 2008); *accord Proft v. Raoul*, 944 F3d 686, 690 (7th Cir. 2019).

facility, located at 400 North Foothill Rd., Beverly Hills, CA 90210.

24. Venue is also proper, as Plaintiff, WALA ALI KHALAF, is an individual residing in the City of Los Angeles, State of California.

25. Venue is also proper, as Defendant, MERCEDES-BENZ USA, LLC, is and was a Delaware Limited Liability Company operating and doing business in the State of California.

26. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendant issued herein as Does 1 through 10, inclusive, under the provisions of section 474 of the California Code of Civil Procedure. Defendant Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions set forth herein, and are legally liable to Plaintiff.  Plaintiff will seek leave to amend this Complaint to set forth the true names and capacities of the fictitiously named Defendant, together with appropriate charging allegations, when ascertained.

27. All acts of corporate employees as alleged were authorized or ratified by an officer, director, or managing agent of the corporate employer.

28. Each Defendant, whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), or employee of each other Defendant, and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiff for the relief prayed for herein.

## **DEMAND FOR JURY TRIAL**

29. Plaintiff, WALA ALI KHALAF, hereby demands a trial by jury in this action.

///

///

///

**FIRST CAUSE OF ACTION**

**Violation of the Song-Beverly Act – Breach of Express Warranty**

30.     Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

31.     These causes of causes of action arise out of warranty and repair obligations of MERCEDES-BENZ USA, LLC in connection with a vehicle Plaintiff purchased and for which MERCEDES-BENZ USA, LLC issued a written warranty. The warranty was not issued by the selling dealership.

32.     The Subject Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, engine, structural, suspension, steering, and electrical system defects.

33.     Pursuant to the Song-Beverly Consumer Warranty Act (herein after the "Act") Civil Code sections 1790 *et seq.* the vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiff has used the Subject Vehicle primarily for those purposes.

34.     Plaintiff is the "buyer" of consumers goods under the Act.

35.     Defendant MERCEDES-BENZ USA, LLC is a "manufacturer" and/or "distributor" under the Act.

36.     The foregoing defects and nonconformities to warranty manifested themselves in the Subject Vehicle within the applicable express warranty period. The nonconformities substantially impair the use, value and/or safety of the vehicle. (¶¶ 9-17)

37.     Plaintiff delivered the vehicle to an authorized MERCEDES-BENZ USA, LLC repair facility for repair of the nonconformities.

38.     Defendant was unable to conform Plaintiff's vehicle to the applicable express warranty after a reasonable number of repair attempts.

**FIRST AMENDED COMPLAINT**

39.    Notwithstanding Plaintiff's entitlement, Defendant MERCEDES-BENZ USA, LLC has failed to either promptly replace the new motor vehicle or to promptly make restitution in accordance with the Song-Beverly Act.

40.    By failure of Defendant to remedy the defects as alleged above, or to issue a refund or replacement vehicle, Defendant is in breach of its obligations under the Song-Beverly Act.

41.    Under the Act, Plaintiff is entitled to reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiff prior to the first presentation of the nonconformities.

42.    Plaintiff is entitled to all incidental, consequential, and general damages resulting from Defendant's failure to comply with its obligations under the Song-Beverly Act.

43.    Plaintiff is entitled under the Song-Beverly Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

44.    Because Defendant willfully violated the Song-Beverly Act, Plaintiff is entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages for MERCEDES-BENZ USA, LLC's willful failure to comply with its responsibilities under the Act.

## SECOND CAUSE OF ACTION

### Violation of the Song-Beverly Act – Breach of Implied Warranty

45.    Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

46.    MERCEDES-BENZ USA, LLC and its authorized dealership at which Plaintiff purchased the subject vehicle had reason to know the purpose of the Subject Vehicle at the time of sale of the subject vehicle.  The sale of the Subject Vehicle

was accompanied by implied warranties provided for under the law.

47.     Among other warranties, the sale of the Subject Vehicle was accompanied by an implied warranty that the Subject vehicle was merchantable pursuant to Civil Code section 1792.

48.     The Subject Vehicle was not fit for the ordinary purpose for which such goods are used because it was equipped with one or more defective vehicle systems/components.

49.     The Subject Vehicle did not measure up to the promises or facts stated on the container or label because it was equipped with one or more defective vehicle systems/components.

50.     The Subject Vehicle was not of the same quality as those generally accepted in the trade because it was sold with one or more defective vehicle systems/components which manifested as engine, structural, suspension, steering, and electrical system defects.

51.     Upon information and belief, the defective vehicle systems and components were present at the time of sale of the Subject Vehicle; thus, extending the duration of any implied warranty under *Mexia v. Rinker Boat Co., Inc.* (2009) 174 Cal.App.4th 1297, 1304–1305 and other applicable laws.

52.     Plaintiff is entitled to justifiably revoke acceptance of the subject vehicle under Civil Code, section 1794, *et seq.*

53.     Plaintiff hereby revokes acceptance of the Subject Vehicle.

54.     Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq.*

55.     Plaintiff is entitled to rescission of the contract pursuant to Civil Code, section 1794, *et seq.* and Commercial Code, section 2711.

56.     Plaintiff is entitled to recover any incidental, consequential, and/or "cover" damages under Commercial Code, sections 2711, 2712, and Civil Code, section 1794, *et seq.*

## **PRAYER FOR RELIEF**

1. For general, special, and actual damages according to proof at trial;

2. For recission of the purchase contract and restitution of all monies expended;

3. For diminution in value;

4. For incidental and consequential damages according to proof at trial;

5. For civil penalty in the amount of two times Plaintiff's actual damages;

6. For prejudgment interest at the legal rate;

7. For reasonable attorneys' fees and costs of suit; and

8. For such other and further relief as the Court deems just and proper under the circumstances.


Dated:   April 19, 2022

**QUILL & ARROW, LLP**


Kevin Y. Jacobson, Esq.
Attorney for Plaintiff,
**WALA ALI KHALAF**

-10-
**FIRST AMENDED COMPLAINT**